**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISON**

BROOKE ELAINE HARING,

     Plaintiff,

     v.

RICHLAND COUNTY, OHIO, et al.,

     Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. 1:25-cv-02088-PAB

JUDGE PAMELA A. BARKER

MAGISTRATE JUDGE
REUBEN J. SHEPERD

**REPORT AND RECOMMENDATION**

## I.     Introduction and Procedural History

On October 1, 2025, Plaintiff Brooke Elaine Haring ("Haring") filed a Complaint, with attachments in support, against Defendant Richland County Sheriff's Department and John Doe Deputy, raising Section 1983 claims for alleged violations of the Fourth Amendment (seizure of personal property without a warrant) and excessive force / unreasonable seizure under the Fourth and Fourteenth Amendments (unlawful detention). (ECF Doc. 1, Compl.). Haring also filed a motion to proceed in forma pauperis, (ECF Doc. 2), which I granted on November 7, 2025 (ECF Doc. 3). On November 12, 2025, Haring was instructed to complete her Summons and U.S. Marshal forms and file them by December 12, 2025 or risk her case be dismissed without prejudice. (Non-document entry of Nov. 12, 2025). Haring did so on November 26, 2025, and the Richland County Sheriff's Department and John Doe Deputy were served on December 10, 2025. (ECF Doc. 6). Those defendants answered the Complaint on December 30, 2025. (ECF Doc. 7).

1

On January 2, 2026, the matter was referred to me for general pretrial supervision. (ECF Doc. 8). On January 20, 2026, I conducted a telephone status conference with the parties and set a case management conference. (Non-document entry of Jan. 20, 2026, ECF Doc. 12). The parties met and conferred, (ECF Doc. 13), and, after conducting a case management conference, I set case management deadlines, including setting deadlines of May 15, 2026 for adding parties and amending pleadings, April 20, 2026 for filing a joint status report by the parties, and April 27, 2026 for a telephone status conference (ECF Doc. 14).

On February 17, 2026, Haring filed a notice of service of discovery requests, (ECF Doc. 15), and on March 6, 2026, she filed a notice of service of Rule 26(a)(1) initial disclosures (ECF Doc. 16). On March 12, 2026, the Richland County Sheriff's Department filed a motion for judgment on the pleadings. (ECF Doc. 17).

On March 25, 2026, Haring filed an amended complaint, adding new party defendants Richland County, Ohio; Richland County Sheriff; James P. Sweat; Justin Ady; Perry Wheeler; City of Mansfield, Ohio; John Doe Richland County Deputy; and John Doe Mansfield Police Officer. (ECF Doc. 18, Am. Compl.). The Richland County Sheriff's Department and John Doe Officer were omitted from Amended Complaint and terminated from the case. (*Id.*). However, after reviewing the submitted Amended Complaint, I determined Haring's Amended Complaint was deficient, as she did not complete the Summons and U.S. Marshal forms for all defendants, nor did she provide addresses for the new Doe defendants. I therefore ordered Haring on April 1, 2026, to complete and return the appropriate forms within 21 days of that order. (Non-document entry of Apr. 1, 2026). On April 9, 2026, Haring returned some of the forms, (ECF Doc. 19), but her filings were still deficient, and that day I again ordered her to return the appropriate forms within 21 days of that order (non-document entry of Apr. 9, 2026).

As of April 20, 2026, the defendants named in the Amended Complaint had not been properly served, and the defendants named in the initial Complaint had been terminated; nonetheless, terminated Defendant Richland County Sheriff's Department completed a timely status report according to the case management schedule. (ECF Doc. 20). In that report, they noted the at-the-time pending service issues with the Amended Complaint, and that Haring had not responded to their attempts to confer or sign the joint status report. (*Id.* at p. 2). On April 21, 2026, the Court dismissed the Richland County Sheriff's Office from the case. (Non-document entry of Apr. 21, 2026).

On April 27, 2026, I conducted the scheduled telephone status conference. Despite dismissal from the case, counsel for nonparty Richland County Sheriff's Office appeared; Haring did not appear. (Non-document entry of Apr. 27, 2026). Counsel reported that their last contact with Haring was on or around March 6, 2026 when she propounded discovery on them; she had not responded despite repeated attempts to contact her. (*Id.*). The outstanding service issues for the Amended Complaint remained. (*Id.*). I therefore ordered that Haring complete service of the Amended Complaint no later than April 30, 2026; and that she contact my chambers no later than May 1, 2026 to reschedule the status conference. (*Id.*). Along with that order, Haring was warned that failure to comply risked a recommendation of dismissal for want of prosecution. (*Id.*). Haring has not responded, nor has she corrected the service issues present with the Amended Complaint. I therefore write to recommend the District Court dismiss this case without prejudice for want of prosecution.

## II.    Discussion

Haring has not responded to the Defendants named in the initial Complaint, she has not properly served the Amended Complaint to all named defendants, she failed to appear at the last

status conference, and has otherwise failed to respond to any of the Court's notices, effectively stalling her case. Because Haring has failed to appear or respond to Court orders, because she has failed to correct the deficiencies in service of her Amended Complaint, and because she has failed to respond to opposing counsel to advance her case, I recommend the District Court dismiss her case in its entirety without prejudice to refile.

"The Sixth Circuit has held that 'a district court has three different sources of authority to dismiss a case for failure to prosecute.'" *Wingate v. Wal-Mart Stores, Inc.*, No. 1:16-CV-1785, 2017 WL 1251093, at *3 (N.D. Ohio Mar. 14, 2017), *report and recommendation adopted*, 2017 WL 1235006 (N.D. Ohio Apr. 4, 2017), (quoting *Rogers v. City of Warren*, 302 F. App'x. 371, 375 (6th Cir. Nov. 26, 2008)). Those three sources are: (1) Federal Rule of Civil Procedure 16(f)(1)(A), which authorizes dismissal where party fails to appear at a scheduling or pretrial conference; (2) Rule 41(b), which "permits the court to involuntarily dismiss an action if a plaintiff fails to prosecute his case or to comply with a court order"; and (3) the court's inherent authority to "'protect [ ] the due and orderly administration of justice, and . . . maintain[ ] the authority and dignity of the court.'" *Id.*, (quoting *Bowles v. City of Cleveland*, 129 F. App'x 239, 241 (6th Cir. 2005)).

The Supreme Court has recognized that "[t]he power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). While "[p]ro se plaintiffs are held to less stringent standards than attorneys . . . cases filed by pro se plaintiffs may still be subject to dismissal if the plaintiff fails to meet court orders." *Wingate*, 2017 WL 1251093, at *4.

4

The Sixth Circuit has articulated four factors, none of which are dispositive, that a district court should weigh when considering whether to dismiss an action:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir. 2008).

Here, as to the first factor, Haring's failure is willful. Haring has failed to prepare the joint report in advance of the status conference, failed to appear at the status conference, failed to respond to this Court's repeated orders to correct the service of her Amended Complaint, and failed to respond to my order directing her to reschedule her conference. Haring's pro se status does not excuse her from following "straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). As a result, Haring's failure to participate is willful and this factor weighs in support of dismissal.

As to the second factor, Haring's conduct prejudiced the adversarial parties – and, I note that the service issue leaves the status of defendants in limbo, because without proper service of process, this Court does not yet have personal jurisdiction over all defendants. I also note that the reason the Court is aware of the current case status is because of a nonparty's compliance with earlier orders, not from Haring herself. This factor also favors dismissal because a nonparty has incurred time and expense in preparing a report without Haring's response, and attended a status conference they were no longer required to attend and where Haring failed to appear. *See Wingate*, 2017 WL 1251093, at *5 (holding that the defendant was prejudiced where defense counsel expended time, money, and effort to prepare for and attend multiple court proceedings at which the plaintiff did not appear).

5

As to the third factor, Haring was warned about the possible result of her failure to participate. At the outset of the case, Haring was warned of her responsibility to effect service on the defendants and that failure to respond to that Order might result in dismissal without prejudice.[1] (Non-document entry of Nov. 12, 2025). She was later ordered on three separate occasions to correct service of the Amended Complaint. (Non-document entries of Apr. 1, Apr. 9, and Apr. 27, 2026). The latest of the orders again warned Haring that a failure to correct the service of the Amended Complaint or to respond to court orders would risk a recommendation of dismissal for want of prosecution. (Non-document entry of Apr. 27, 2026). Out of appreciation for a defendant's right to fair and timely resolution of litigation, pro se litigants should not "be accorded special consideration" when they fail to adhere to readily comprehended court deadlines. *See Jourdan*, 951 F.2d at 110. Because Haring's failure to participate has been related to straightforward procedural issues, such as telephonic status conferences and compliance with basic court orders, and because she was warned of the consequences for his failure to participate, this factor weighs in favor of dismissal.

As to the fourth factor, the Court has considered alternative sanctions. *Shavers v. Bergh*, 516 F. App'x 568, 571 (6th Cir. 2013) (a district court is not required "to incant a litany of the available lesser sanctions"). I have considered lesser sanctions but conclude that no sanction short of dismissal of Haring's claims without prejudice would protect the integrity of the pretrial process, particularly where this Court does not have jurisdiction over all defendants. Haring has been warned on multiple occasions that failure to correct service of the Amended Complaint or to appear at court-mandated conferences could result in dismissal of her claims, but she has not appeared and has made no effort to explain her absences. (Non-document entries of Apr. 1, Apr.

---

[1] I note, however, that Haring thereafter complied with that Order. (*See* ECF Doc. 4).

6

9, and Apr. 27, 2026). Under the circumstances, there is no reason to believe that a lesser sanction would secure Haring's compliance with court orders. *See Wingate*, 2017 WL 1251093, at *6 (holding that less drastic sanctions than dismissal was "unlikely to elicit a response" where plaintiff "failed, again and again, to appear for Court proceedings when ordered to do so" despite prior warnings that sanctions may be imposed).

After careful consideration, I conclude that the dismissal should be without prejudice rather than with prejudice. "[D]ismissal with prejudice is the most powerful sanction available" for failure to prosecute. *Napier*, 2015 WL 13730925, at *3. "[C]ourts within this Circuit have noted that a district court should not dismiss with prejudice in cases in which an alternative sanction would better serve the interests of justice." *Wingate*, 2017 WL 1251093, at *6 (recommending dismissal without prejudice rather than with prejudice). Neither party's claims have progressed past the pleadings stage and have not been considered on the merits. Therefore, dismissal without prejudice appears an appropriate course, tailored to the circumstances of the case.

## III.     Conclusion

Because Haring has failed to correct service of her Amended Complaint, failed to appear at status conferences, failed to respond to this Court's orders, and failed to otherwise advance her case, I recommend the District Court dismiss her case without prejudice to refile.

Dated: May 20, 2026

Reuben J. Sheperd
United States Magistrate Judge

_____

## OBJECTIONS

### Objections, Review, and Appeal

Within 14 days after being served with a copy of this report and recommendation, a party may serve and file specific written objections to the proposed findings and recommendations of the magistrate judge. Rule 72(b)(2), Federal Rules of Civil Procedure; *see also* 28 U.S.C.§ 636(b)(1); Local Rule 72.3(b). Properly asserted objections shall be reviewed de novo by the assigned district judge.

\* \* \*

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; "a general objection has the same effect as would a failure to object." *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, at \*2 (W.D. Ky. June 15, 2018) quoting *Howard*. The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).

8